GERARD DUPERE *vs.* SUPERIOR COURT.

AUGUST 16, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for certiorari addressed to the general revisory and supervisory powers of this court. It seeks to quash the record of certain decrees entered in the superior court in the case of Gerard Dupere v. Auguste Brassard et al., W.C.A. No. 12554, whereby petitioner's petition for a lump sum commutation in lieu of probable future weekly payments, total, partial, and specific, was granted under general laws 1938, chapter 300. The instant petition was heard on a citation directed to the petitioner to show cause why we should exercise our discretion by issuing the writ. Auguste Brassard, the employer, and American Mutual Liability Insurance Company, hereinafter referred to as the respondents, who were given notice thereof, were also heard on the pertinent issue.

The following undisputed facts are disclosed by the record. On October 15, 1951 the petitioner was injured by accident arising out of and in the course of his employment

as an iron worker with the respondent employer. On October 25, 1951 he entered into a preliminary agreement with the employer and its insurance carrier, the other respondent herein. The preliminary agreement, which was filed with and approved by the director of labor, described the nature and location of the injury as: "Severe burns—hands and feet." Under such agreement he received compensation for total incapacity from October 19, 1951 to April 24, 1953.

On March 10, 1952 petitioner entered into a separate preliminary agreement whereby he was to receive specific compensation for the loss of both phalanges of the second, third and fourth toes and the terminal phalange of the big toe of the right foot, for the loss of both phalanges and all toes of the left foot, and for the loss of the index finger of the right hand and the little finger of the left hand. Prior to April 1953 he had recovered a partial earning capacity and had been working for more than two months.

In April 1953, under the provisions of G. L. 1938, chap. 300, art. II, §25, petitioner filed a petition for commutation wherein he alleged that he believed "it will be for his best interest that a lump sum be paid to him in lieu of future weekly payments of his remaining period of disability, total, partial and specific." In the petition he prayed "that the probable future weekly payments due him under the terms of his agreements with the respondents, and under the provisions of the Workmen's Compensation Act, be commuted and that it be decreed that the respondent employer, through its insurer, pay to him and that he accept in lieu of all future weekly payments due under said agreements and said Act, the sum of Thirty-two Hundred Dollars ($3200.00), and that upon payment of said sum the respondent employer and insurer be discharged from all further liability on account of your petitioner's injuries as herein referred to and that they shall be entitled to a duly executed release."

After a hearing before the superior court on April 24,

1953, the petition for commutation was granted and an interlocutory decree was duly entered granting the prayers of the petition and providing, among other things, that the respondents "pay to the petitioner the sum of Thirty-Two Hundred Dollars ($3200.00) and that the petitioner accept said sum in lieu of all probable future weekly payments, total, partial and specific; and that upon payment of said sum the respondents be discharged from all further liability on account of the petitioner's injuries as referred to in his petition and be entitled to a duly executed release." The respondents paid said sum to petitioner and thereupon a final decree was entered on the same day discharging them from all further liability on account of petitioner's injuries as referred to in his petition. There was no appeal from either decree.

After the commutation was granted petitioner continued to work and received no medical treatment until February 1955. Thereafter he experienced shooting pains in his left leg and his left foot bothered him. As a result of this condition, he entered a hospital and in May 1955 his left leg was amputated below the knee. At the time of the commutation neither party knew nor had reason to know that such amputation would become necessary.

After his discharge from the hospital, petitioner filed three petitions with the workmen's compensation commission, namely, a petition for specific compensation for the loss of his left leg, an original petition to establish liability for injuries described as "severe burns and injuries resulting in the amputation of the left leg below the knee," and a petition to review the commutation decree entered by the superior court. These petitions have been heard before a single commissioner. In his decision he made a finding that the amputation of the left leg and other injuries were "a result or consequence or sequellae of the injuries he sustained on October 15, 1951 while working as an iron worker for the respondent." However, he denied relief to the peti-

tioner on the grounds that the commutation decree entered on April 24, 1953 and the general release executed pursuant thereto are a complete bar to further proceedings and that the matter is res adjudicata. The petitioner's appeal to the full commission is now pending and they have not as yet handed down their decision on said appeal.

The petitioner's counsel has been diligent in filing the instant petition in an earnest endeavor to adequately protect the rights of petitioner under the workmen's compensation act. He contends that the superior court acted in excess of its jurisdiction in entering the decrees of April 24, 1953 on the grounds that it did not comply with the provisions of G. L. 1938, chap. 300, art. II, §25; that the superior court is without power to enter a decree commuting the future payments for injuries that are unknown and were not in contemplation of the parties; and, finally, that said court is without power to enter a decree commuting to a lump sum the future payments due for specific injuries. The petitioner further contends that if the decrees in question are not quashed he will be denied the full benefits of the workmen's compensation act.

On the other hand, respondents contend that it does not appear upon the record that the superior court acted illegally or in excess of its jurisdiction in granting the petition for commutation. They further contend that this court should not review a commutation proceeding solely for the purpose of rendering a declaratory judgment as to the effect to be given to the commutation decree when pleaded as a bar to subsequent petitions which are not presently before this court.

At the hearing before us the petitioner and the respondents agreed that the issue, namely, whether or not the decrees in question are res adjudicata and therefore a bar to further relief for the petitioner, can be properly raised before the workmen's compensation commission in the proceedings pending before it. They also agreed that the same

issue can be raised in this court on a proper appeal from the final decree of the workmen's compensation commission, at which time we would have the entire record before us and could then determine the effect to be given to the commutation decree in question.

For these reasons, after a careful consideration of the instant petition it is our opinion that the petitioner has an adequate remedy at law and that therefore in the interests of orderly procedure we should not grant the writ. See *Mancini* v. *Superior Court,* 77 R. I. 262, 265; *White* v. *White,* 70 R. I. 48.

The petition for certiorari is denied and dismissed without prejudice.

*Murphy, Morriss & McKenna,* for petitioner.

*Higgins, Cavanagh & Williamson,* for respondents Auguste Brassard and American Mutual Liability Insurance Co.